**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH<br>& HUMAN SERVICES<br>200 Independence Avenue, SW<br>Washington, DC 20201,<br><br>*Defendant.* | ) | Civil Action No. |

# COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Health & Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Health and Human Services ("HHS") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 200 Independence Avenue, SW, Washington, DC 20530.

## STATEMENT OF FACTS

5. On March 20, 21, and 22 of 2017, Plaintiff submitted identical FOIA request to the Food and Drug Administration ("FDA"), the Centers for Disease Control and Prevention ("CDC") and the Office of the Surgeon General ("OSG"), all component of HHS, seeking the following:

> All internal [FDA, CDC, or OSG] emails discussing the relative carcinogenicity of inhalation from Electronic Nicotine Delivery Systems compared to inhalation from traditional combustible cigarettes.

The time frame of each request was identified as April 1, 2016 through the date of the request.

6. By March 23, 2017, Plaintiff received all three acknowledgements from the FDA, CDC, and OSG, assigning the requests FOIA Control Numbers 2017-2662, 17-00430-FOIA, and 17-0149-FOIA, respectively.

7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**

**Violation of FOIA, 5 U.S.C. § 552**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

10. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's requests within twenty (20) business days of receipt. Accordingly, Defendants' determinations were due by about April 19, 2017, at the latest. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See, e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

11. Because Defendant failed to make a substantive, appealable determination of whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records

withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 5, 2017

Respectfully submitted,

*s/ Chris Fedeli*

Chris Fedeli
D.C. Bar No. 472919
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
cfedeli@judicialwatch.org
(202) 646-5172

*Counsel for Plaintiff*